UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CONCERNED CITIZENS OF ASSUMPTION PARISH, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2545-CJB-SS** |
| **MAJOR GENERAL MERDITH W.B. TEMPLE, et al** | |

### ORDER

PLAINTIFFS' MOTION TO COMPEL (Rec. doc. 18)

**GRANTED**

Belle Company ("Belle") applied for a Clean Water Act permit from the U.S. Army Corps of Engineers ("Corps") for a landfill in Ascension Parish. The New Orleans District determined that the project site was jurisdictional wetlands. Belle filed an administrative appeal. The plaintiffs, Concerned Citizens of Assumption Parish and Louisiana Environmental Action Network, filed a Freedom of Information Act ("FOIA") request for the documentation related to Belle's administrative appeal. Belle objected to the FOIA request. The Corps denied the request on the grounds that it was not required to disclose confidential or privileged trade secrets, commercial information or financial information. The plaintiffs' administrative appeals were denied.

Plaintiffs content that: (1) the Corps did not include a finding that the requested information contained confidential or privileged trade secrets, commercial information or financial information; (2) Belle did not identify the information as such when it submitted it to the Corps; (3) Belle waived the argument that the information was exempt; and (4) the information is not confidential or privileged. The plaintiffs seek the following relief: (1) production of all material responsive to their

FOIA request; (2) in the alternative, redaction of exempt material before production; (3) fees and costs; and (4) "[a] finding, pursuant to 5 U.S.C. § 552(a)(4)(F)(i), that the circumstances surrounding the withholding raise questions about whether the Corps personnel acted arbitrarily and capriciously with respect to the withholding." Rec. doc. 1.

The Corps answered on December 6, 2011. Rec. doc. 9. On January 26, 2012, a scheduling order was issued with a discovery deadline of July 23, 2012. The trial is set for September 17, 2012. Rec. doc. 17. The plaintiffs served written discovery on January 31, 2012. Rec. doc. 18 (Exhibit A). The Corps objected that the discovery was inappropriate for a FOIA case. Id. (Exhibit B).

The plaintiffs filed a motion to compel the portion of the written discovery relating to their Section 552(a)(4)(F)(i) claim. The Corps responds that the motion seeks inappropriate discovery. It argues that summary judgment is used to resolve FOIA cases. Cooper Cameron Corp. v. U.S. Dep't of Labor, 280 F.3d 539, 543 (5th Cir. 2002) ("Summary judgment resolves most FOIA cases."). The plaintiffs contend that the Corps' authorities on inappropriate discovery are not applicable to their Section 552(a)(4)(F)(i) claim.

It has been more than five months since the Corps answered, and it has not filed its motion for summary judgment. The discovery deadline is July 23, 2012. Even if the Corps files its motion for summary judgment immediately, there may not be a ruling until after the expiration of the discovery deadline. If the Corps' motion for summary judgment is denied, the plaintiffs would be precluded from presenting evidence at the September trial on their claim for relief under Section 552(a)(4)(F)(i). In the absence of an order by the District Judge staying discovery until the resolution of a motion for summary judgment to be filed by the Corps, the plaintiffs will be permitted to obtain discovery on their Section 552(a)(4)(F)(i) claim.

IT IS ORDERED that: (1) plaintiffs' motion to compel responses to plaintiffs' first set of discovery requests (Rec. doc. 18) is GRANTED; and (2) **within fourteen (14) calendar days of the entry of this order** the Corps shall serve responses to the discovery requests identified in the motion to compel.  **The effect of this order will not be stayed pending appeal except by order of Judge Barbier.**

New Orleans, Louisiana, this 9th day of May, 2012.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**