UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONCERNED CITIZENS OF ASSUMPTION PARISH and LOUISIANA ENVIRONMENTAL ACTION NETWORK, <br><br> *Plaintiffs,* <br><br> v. <br><br> MAJOR GENERAL MERDITH W.B. TEMPLE (in his official capacity as U.S. Army Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers), and <br><br> U. S. ARMY CORPS OF ENGINEERS, <br><br> *Defendants*. | Case No. 11-2545 <br> Section: J <br> Judge: Barbier <br> Division: 1 <br> Magistrate Judge: Shushan |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

## INTRODUCTION

The Defendant U.S. Army Corps of Engineers ("Corps") opposes Plaintiffs Motion to Compel discovery with an argument that could have been cut and pasted from any Freedom of Information Act (FOIA) case brief on behalf of the government. The Corps does not once address the facts of this case, the Plaintiffs' bases for their discovery requests, or the Plaintiffs' discovery requests themselves.

Instead, relying on quantity over quality, the Corps pulls quotations from numerous FOIA cases that it claims stand for the proposition that "discovery is generally unavailable in FOIA cases." No. 22 at 1 (Corps Memorandum in Opposition to Plaintiffs' Motion to Compel,

1

hereinafter "Corps Opposition Memo").[1] It never applies this law and, in fact, never even discusses the facts of any of the myriad cases it headlines. Rather, after cutting and pasting these general propositions, the Corps sits back and erroneously implies that the Plaintiffs have the burden on their Motion to Compel. It states that their motion should be denied because "Plaintiffs have not cited any specific FOIA jurisprudence in their motion to suggest that the discovery they seek is appropriate in the instant proceeding." No. 22 at 7. It alleges that the "overwhelming jurisprudence" it cites overcomes the Plaintiffs' reliance on the "mere" Federal Rules of Civil Procedure. *Id.*

However, the Corps has the burden to show that the Plaintiffs should not get the discovery they are entitled to under the Federal Rules of Civil Procedure as well as the Court's Scheduling Order. The Corps' reliance only on quotes of general propositions from FOIA cases does not meet this burden. In fact, the Corps bears the same burden it would had it filed for a Protective Order, which requires a showing of good cause.

Further, the Corps misses the point of the jurisprudence it relies on in knee-jerk fashion, and in some instances overgeneralizes the courts' holdings. In fact, taken as a whole, the jurisprudence stands for the proposition that district courts have discretion to allow discovery or not, in FOIA case as in all others.[2] Many courts have allowed discovery in FOIA cases when necessary to develop facts at issue. Courts look to the circumstances of particular requests rather than adverting to broad statements of law without attempting to apply that law. Here, the circumstances favor allowing discovery on the narrow issues that Plaintiffs seek to pursue: the arbitrary and capricious nature of the FOIA withholding by the Corps in this case. When there is

---

[1] Only one of these cases is from the Fifth Circuit, and that one is not used for the proposition that discovery is generally unavailable in FOIA cases. Corps Opposition Memo at 3, quoting Cooper Cameron Corp. v. United States Dep't of Labor, 280 F.3d 539, 543 (5th Cir. 2002).
[2] Appellate courts apply an "abuse of discretion" standard to district courts' decisions to grant or deny discovery. *See* Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999).

2

a question of fact, as exists here, discovery is appropriate. This Court should grant Plaintiff's Motion to Compel.

## ARGUMENT

### I. THE CORPS BEARS THE BURDEN IN OPPOSING PLAINTIFFS' MOTION TO COMPEL.

In its Opposition to the Plaintiffs' Motion to Compel, the Corps implies that the Plaintiffs bear the burden, because it string-cites a realm of cases for general propositions, does not analyze or apply a single one of those cases, then states that the Plaintiffs' motion to compel should be denied due to their failure to cite jurisprudence showing that their particular discovery requests should be granted.[3]

As the party opposing a Motion to Compel, the Corps bears the burden. "The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." Thompson v. Reg'l West Med. Ctr., No. 06-581, 2007 WL 3232603, at *2 (D. Neb. Oct. 31. 2007) (*citing* St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)).[4] This is because "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Thompson at *2 (*quoting* Hickman v. Taylor, 329 U.S. 495, 507 (1947)). This is particularly true in FOIA cases, due to the unequal nature of the parties' access to the material at issue. *See* Vaughn v. Rosen, 484 F.2d 820, 823 (D.C. Cir. 1973) ("the party with the greatest interest in obtaining disclosure is at a loss . . . [and] cannot know the precise contents of the documents sought . . . .").

---

[3] The Corps actually states that the Plaintiffs' "motion for summary judgment" should be denied. *Id.* at 7.
[4] *See also* Jenkins v. United States, 90 Fed. Cl. 585, 588 (2009); Martin K. Eby Constr. Co. v. OneBeacon Ins. Co., No. 08-1250, 08-2392, 2012 WL 1080801, at *3 (D. Kan. Mar. 29, 2012) (noting that although discovery must be relevant, "once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request."); Small v. Ramsey, No. 10-121, 2011 WL 3627271, at *4 (N.D. W. Va. Aug. 17, 2011).

The Corps, then, cannot rest on string citations of cases with general rules about what is "ordinarily" or "generally" allowed or deemed "unnecessary," rules which it even admits are subject to judicial discretion.[5]  According to the jurisprudence quoted above, the Corps must give specific explanations or factual support as to why each of the Plaintiffs' discovery requests are improper.  It has not even attempted to do so.  Its opposition must fail, and this Court should grant the Plaintiffs' Motion to Compel.

## II.  JURISPRUDENCE DOES NOT COMPEL DENIAL OF PLAINTIFFS' MOTION, BUT INSTEAD GIVES DISTRICT COURTS DISCRETION TO ALLOW DISCOVERY IN FOIA CASES WHEN ISSUES OF FACT EXIST.

The Corps' cited string of general buzz language does not relieve it of its burden to explain and support how each of the Plaintiffs' discovery requests are improper.  Other cases make clear that discovery may be necessary in FOIA cases, and the cases cited by the Corps, taken together, establish that district courts have discretion to allow discovery requests where issues of fact exist and the discovery relates to those issues of fact.

### A.  Jurisprudence Establishes That the Applicability of Discovery in FOIA Cases May Be Appropriate and Necessary Under the Circumstances.

Looking beyond the Corps' cited cases demonstrates that those courts did not intend to establish a default rule that district courts should deny discovery in FOIA cases.  The District of Columbia district court effectively stated how discovery in FOIA cases can proceed, at the same time highlighting that the Corps overstated the jurisprudence.  In <u>Murphy v. FBI</u>, 490 F. Supp. 1134, 1136 (D.D.C. 1980), the District of Columbia district court stated:  "It is beyond question that discovery is appropriate and often necessary in a FOIA case. But such discovery is limited to

---

[5] Though the Corps disputes the appropriate timing of discovery in FOIA cases.  No. 22 at 2-3, 5 ("[O]nce the agency has filed is [sic] motion and affidavit, a plaintiff is then in a position to request what discovery is then necessary in respect to the agency's search or withholdings." *Id.* at 5.).  Should this Court deem the Plaintiffs' Motion is faulty based on timing (ie, at premature), the Plaintiffs request that the Court specifically state that in its ruling.

factual disputes. These include whether the agency engaged in a good-faith search for all materials, whether the agency indexed all documents, and whether the agency did, in fact, [correctly] classify documents it seeks to withhold . . . ."

Citing Murphy, the Eastern District of Louisiana endorsed this same principle in a FOIA case involving a discovery issue.  It stated that while "[i]t is generally accurate that discovery is not favored in FOIA cases . . . [n]onetheless, it is beyond question that discovery is appropriate and often necessary in a FOIA case." Exxon Mobil Corp. v. United States Dep't of Interior, No. 09-6732, 2010 WL 4668452, at *4 (E.D. La. Nov. 4, 2010) (*citing* Murphy at 1136) (internal quotations and citations omitted).  Though the Exxon Mobil court denied the plaintiff's attempt to depose a witness for the Department of the Interior (DOI) on the issue of adequacy of the search, it was only after the court conducted an analysis of the facts of the case.  Exxon Mobil at *6-8.  These included the fact that the DOI had turned over documentation responsive to the plaintiff's FOIA request during the lawsuit (after the plaintiff had narrowed its FOIA request in compliance with the district court's direction), the fact that plaintiff's FOIA request was "impermissibly broad," the fact that the DOI's affidavits established that it had undertaken a thorough search, and the fact that the Plaintiff had not then showed bad faith on the part of the DOI.  *Id.* at *7.

Thus, when discovery is necessary in FOIA cases to discover factual issues in dispute, courts can and should order it.  Here, Plaintiffs established that the discovery is relevant, that it is modest and not burdensome, and that it deals with a specific provision of FOIA that none of the blanket jurisprudence cited by the Corps applies to.  Plaintiffs need discovery to provide the Court with information as to whether the Corps "arbitrarily and capriciously" withheld the information and failed to send their administrative appeal to the Office of General Counsel.  5

U.S.C. § 552(a)(4)(F)(i).  Therefore, this Court should allow Plaintiffs discovery into this issue of fact.

### B.  The Corps Overstated the Nature of the FOIA Jurisprudence It Cited.

By citing a string of cases and characterizing all of them with a single quote, the Corps does a disservice to the principles established by those cases.  As the above cases demonstrate, district courts can properly grant or deny discovery in FOIA cases, depending on the circumstances.  A closer look at a few of the Corps' cited cases demonstrates how it overreaches to establish a default bar against discovery in FOIA cases.

In Heily v. United States Dep't of Commerce, 69 Fed. Appx. 171 (4th Cir. 2003), the Fourth Circuit did not, as stated by the Corps, "deny[ ] plaintiff's request for discovery."  No. 22 at 2.  Rather, the court upheld the district court's **restrictions** on discovery.  *Heily* at *2.  The district court had allowed the plaintiff in that FOIA case to conduct discovery in the form of interrogatories, and the Department of Commerce responded to those interrogatories; this ruling was not on appeal and remained intact.  *Id.*  The Fourth Circuit decision involved the district court's restriction of depositions the Plaintiff wished to conduct and restriction of the scope of discovery to factual issues.  *Id.*  Therefore, Heily actually stands for the proposition that discovery is allowable in FOIA cases, though restrictions may be appropriate.

With regard to another of the Corps' cited precedents, it overstates the holding of that case and only tells half the story.  The Corps cites Judicial Watch, Inc. v. United States Dep't of Commerce, 34 F. Supp. 2d 28 (D.D.C. 1998), as holding that the discovery allowed there was "under the close supervision of a Magistrate Judge."  No. 22 at 3.  While this was true, the Corps neglects to point out two important facts from this case.  First, the reason for the "close supervision" in that case was not a general proposition that discovery is limited in FOIA cases,

which proposition the court never mentioned.  Rather, the reason for the close supervision was conduct by the plaintiff's attorneys during depositions and inappropriate "attempts to transform this FOIA litigation into a larger political inquisition."  Judicial Watch at 41; *see also id.* at 46.

The other important aspect of the Judicial Watch case that the Corps failed to mention is the fact that before ordering the supervised discovery discussed in the cited opinion, the court had twice ordered discovery that the plaintiff sought.  *Id.* at 31.[6]  The court referenced its previous denial of the Department of Commerce's (DOC's) request to limit plaintiff's discovery, stating that it had led to critical discoveries regarding DOC mishandling of documents and misconduct.  *Id.* at 34.

Thus, conversely to the Corps' representation, Judicial Watch actually stands for the proposition that discovery is allowable in FOIA cases.

Further, the only Fifth Circuit case cited by the Corps, Cooper Cameron Corp. v. United States Dep't of Labor, 280 F.3d 539 (5th Cir. 2002), does not stand for the proposition that discovery is generally inapplicable in FOIA cases.  Rather, as the Corps accurately quotes but overstates the implications of, the Fifth Circuit there merely stated that "Summary judgment resolves most FOIA cases. . . ."  *Id.* at 543; No. 22 at 3.  The Fifth Circuit did not even address the issue of discovery in the Cooper Cameron case, and the omitted part of the quoted sentence makes clear that the court's statement about how FOIA cases are generally resolved by summary judgment (and not a trial) is introductory to another legal discussion having nothing to do with discovery.[7]  As this court is no doubt aware, the fact that a case is resolved by summary judgment does not speak to the propriety of discovery; discovery can lead to information used in summary judgment as well as at trial.

---

[6] In both instances the discovery was ordered after the government moved for summary judgment.  *Id.*
[7] The full sentence reads "Summary judgment resolves most FOIA cases, but there are two varieties of such judgment for FOIA purposes."  *Id.* at 543.

7

Thus, this Court should not rely on the Corps' facile summary of FOIA jurisprudence to deny the Plaintiffs' Motion to Compel without a review of the facts, as the Corps does. Reviewing the facts of the underlying case, the reasons for the Plaintiffs' discovery, and the discovery itself in light of its discretion, this Court should find that the Corps failed in its burden to provide specific explanations or factual support as to why each of the Plaintiffs' discovery requests are improper.

### III. THE CORPS SHOULD HAVE FILED FOR A PROTECTIVE ORDER, AND ITS FAILURE TO DO SO SHOULD NOT RELIEVE IT OF ITS BURDEN TO PROVE THE DISCOVERY SOUGHT IS IMPROPER.

Courts have ruled that the party seeking to avoid discovery should file for a protective order, under which it will bear the burden of proof. These courts state that barring such a filing, the party's objections to discovery should be denied. The Corps did not file for a protective order here; therefore, the Corps' objections to the Plaintiffs' discovery should be denied and Plaintiffs' Motion to Compel should be granted. At a minimum, the Corps should not be allowed to evade the burden it would bear on a properly-filed request for a protective order by failing to file for one.

In Brittain v. Stroh Brewery Co., 136 F.R.D. 408 (M.D.N.C. 1991), the court considered a defendant's motion for a protective order against written discovery requests. The defendant had filed for the protective order only after the plaintiff filed the motion to compel discovery. *Id.* at 410, 413-414. The court found that the protective order was untimely under the Federal Rules of Civil Procedure, and rejected the defendant's argument that, for written discovery, it was enough that it noted its objections to the discovery at the time of filing and waited until after the plaintiffs filed a motion to compel to move for a protective order. *Id.* at 413. In rejecting this argument, the court noted: "The party seeking the protective order, who has the burden of

8

requesting and supporting it, should also be responsible for initiating the process. Permitting that party to merely note its objections and then sit back and wait for a motion to compel can only serve to prolong and exacerbate discovery disputes." *Id.*[8]

The Corps here should have filed for a protective order. Though the Brittain case is not binding precedent, it does provide additional support for the fact that the Corps bears the burden here. The party seeking a protective order very clearly bears the burden, as the Federal Rules of Civil Procedure themselves provide. Fed. R. Civ. Proc. 26(c)(1) ("The court may, ***for good cause***, issue an order to protect a party . . . .") (emphasis added).[9] Thus, the Corps' decision to sit back and force Plaintiffs to compel its response to discovery rather than filing for a protective order does not relieve it of the "good cause" burden it would otherwise face in attempting to evade discovery.

## CONCLUSION

The Plaintiffs are entitled to discovery under the Federal Rules of Civil Procedure and the Court's Scheduling Order. The jurisprudence establishes that courts may allow discovery in FOIA cases as appropriate and necessary, just as in any case. The Plaintiffs have shown how their discovery is relevant and not burdensome, and necessary to establish facts that demonstrate arbitrary and capricious conduct on the part of the Corps. However, the Corps has not even attempted to meet its burden to specifically explain why each of Plaintiffs' discovery requests is improper. The Corps never discusses a single of the few discovery requests propounded by Plaintiffs, and instead relies on overstated general jurisprudential principles. This Court should grant Plaintiffs' Motion to Compel.

---

[8] The court went on to excuse the untimeliness by finding that the defendant had good cause. *Id.* at 414.
[9] *See also* Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994).

9

Respectfully submitted on May 8, 2012,

/s Lisa Jordan

_____

Lisa Jordan, Bar No. 20451
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118
Tel: 504-865-5789; Fax: 504-862-8721
Email: lwjordan@tulane.edu

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via email and by filing via ECF on this 8th day of May, 2012, to counsel for the Corps.

/s Lisa Jordan

_____

Lisa Jordan